**Application of ELDER MOVING & STORAGE CO.
No. 4956-CCT.**

Railroad & Public Utilities Commission.

May 28, 1957.

Norman J. Bolinger and Dan R. Schwartz, Kitchen & Schwartz, Jacksonville, for the applicant.

Chairman ALAN S. BOYD, commissioners JERRY W. CARTER and WILBUR C. KING participated in the hearing and disposition of this cause.

## BY THE COMMISSION.

The commission held a public hearing on this application pursuant to due statutory notice in the Whitfield Bldg., Tallahassee, on March 13, 1957.

By this proceeding Elder Moving & Storage Co., Jacksonville, seeks a certificate of public convenience and necessity to operate an auto transportation company as a common carrier of household goods over irregular routes between all points and places in the state, with authority to domicile motor vehicle equipment in the city of Jacksonville only.

This application is somewhat unusual in nature, since applicant has operated as such a household goods carrier since February 3, 1943 pursuant to order #1601 of this commission directing that a certificate of public convenience and necessity be issued to it authorizing such transportation. Said order approved sale and transfer of all operating rights of Paul C. Grubb, d/b/a Grubb's Van &

Storage Co., under for hire permit #250 and ordered issuance of a common carrier certificate of public convenience and necessity in lieu of such permit. This order followed a public hearing at Tallahassee on application for approval of the transfer of for hire permit #250 from Grubb to Elder Moving & Storage Co. As a result of this order applicant has made large investments in equipment and other property both real and personal and employs a considerable staff of persons for service to the public. Its operations have at all times been conducted as those of a common carrier.

After the entry of order #1601 no further action was taken on the matter until December 30, 1952, when the commission, after extensive hearings involving the entire household goods carrier industry of the state, entered its order #2791 in docket #3253-CCT adopting rules and regulations governing household goods carriers in leasing and domiciling motor vehicle equipment. By said order the commission also found that all for hire permits previously issued specifically authorizing the transportation of household goods should be revoked and that public convenience and necessity and the uniform administration of the duties of the commission required that in lieu thereof a certificate of public convenience and necessity for the common carriage of household goods as defined therein non-radially over irregular routes to, from and between all points and places in Florida, should be issued to each holder of such a for hire permit. Order #2791 ordered that such permits be forthwith reissued as certificates of public convenience and necessity.

Later, on January 26, 1953, the commission entered its order #2814, implementing its said order #2791 and its previous said order #1601 by canceling for hire permit #250 and issuing in lieu thereof certificate of public convenience and necessity #422 to Elder Moving & Storage Co., Inc. authorizing the same transportation authority as is here sought by the present application.

This application has been brought about by an opinion of May 23, 1956 of the Supreme Court of Florida in Seaboard Air Line Railroad Company v. King, 89 So. 2d 246, which held that a for hire permit is non-transferable and such a permit may not be converted into a certificate through procedure similar to that outlined above relative to the issuance of certificate #422. Elder Moving & Storage Co. has now filed this present application for a certificate of public convenience and necessity under the provisions of section 323.03, Florida Statutes, the statute governing applications for and grants of common carrier certificates.

After full consideration of the testimony and evidence adduced in this cause, the commission finds that public convenience and necessity require the transportation service proposed by applicant

and that said applicant is qualified, financially and otherwise, to conduct the operation.

It is therefore ordered that certificate of public convenience and necessity #422 heretofore issued to Elder Moving & Storage Co. pursuant to order #2814 be and it is hereby canceled.

It is further ordered that certificate of public convenience and necessity #422 be and it is hereby reissued to Elder Moving & Storage Co., Inc., 54 E. 14th St., Jacksonville 6, Florida, pursuant to its present application, the proof presented at the hearing thereon and the foregoing findings of this commission, authorizing the operation of an auto transportation company as a common carrier of household goods over irregular routes between all points and places in the state of Florida, with authority to domicile motor vehicle equipment in the city of Jacksonville only.